

## Case Number: LACV038422 Case Title: REED AND MADREAL SOLUTIONS V. AG MANUFACTURING & T

Opened: 03-31-2020
County: Warren
Case Type: CONTRACT-FRAUD MISREPRESENTATI Status: Active Judge:
Prayer Amount: $.00

⊞ Show/Hide Participants

| File Date | Case History |
|---|---|
| 04-17-2020 09:21:00 AM Court | RETURN OF ORIGINAL NOTICE<br>Filed by: Court |
| 04-17-2020 09:21:00 AM Court | RETURN OF ORIGINAL NOTICE<br>Filed by: Court |
| 03-31-2020 01:47:00 PM Plaintiff | PETITION FILED: PETITION<br>Filed by: WILLIAM MICHAEL REASONER |
| 03-31-2020 01:47:00 PM Plaintiff | CIVIL ORIGINAL NOTICE<br>Filed by: WILLIAM MICHAEL REASONER |

IN THE IOWA DISTRICT COURT IN AND FOR WARREN COUNTY

| | |
|---|---|
| Josef Reed and Madreal Solutions, LLC,<br>Plaintiffs,<br><br>vs.<br><br>Ag Manufacturing & Technology, Inc. and Ag Manufacturing & Technology, LLC,<br>Defendants. | Case No.:<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S):

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant(s) in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The name and address of the attorney for the plaintiff(s) is William M. Reasoner, 699 Walnut Street, Suite 1600, Des Moines, Iowa, 50309. The attorney's phone number is (515) 244-2600; facsimile number: (515) 246-4550.

You must serve a motion or answer within 20 days after service of this original notice upon you, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Warren County, at the county courthouse in Indianola, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

(SEAL)

CLERK OF COURT
Warren County Courthouse
Indianola, Iowa 50125

**IMPORTANT:** YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

# STATE OF IOWA JUDICIARY

*Case No.* LACV038422
*County* Warren

*Case Title* REED AND MADREAL SOLUTIONS V. AG MANUFACTURING & T

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:** http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16**: http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(515) 286-3394** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942.**)

*Date Issued* 04/01/2020 08:19:49 AM

*District Clerk of* Warren *County*
/s/ Lori Morris

E-FILED 2020 MAR 31 1:47 PM WARREN - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR WARREN COUNTY

| | |
|---|---|
| Josef Reed and Madreal Solutions, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Ag Manufacturing & Technology, Inc. and Ag Manufacturing & Technology, LLC,<br><br>Defendants. | CASE NO.:<br><br>**PETITION** |

COME NOW, Plaintiffs Josef Reed and Madreal Solutions, LLC, and for their Petition, state:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Josef Reed ("Reed") is a resident of Louisiana, but was a resident of Iowa some material times herein.

2. Plaintiff Madreal Solutions, LLC ("Madreal") is an Iowa limited liability company.

3. Defendant Ag Manufacturing & Technology, Inc. is an Iowa corporation with a home office in Warren County, Iowa.

4. Defendant Ag Manufacturing & Technology, LLC is an Iowa limited liability company with a home office in Warren County, Iowa.

5. Defendant Ag Manufacturing & Technology, Inc. and Defendant Ag Manufacturing & Technology, LLC are jointly referred to as "AMT."

6. This Court has jurisdiction pursuant to Iowa Code § 602.6101 and § 631.1

because this proceeding exceeds the jurisdictional threshold for this Court.

7. Venue is proper in Warren County, Iowa.

**FACTUAL ALLEGATIONS**

8. AMT is an Iowa business which develops and sells technology intended to increase efficiency for farmers.

9. Reed is an engineer and business owner, and was requested by AMT to perform executive technical and business services for the benefit of AMT.

10. Reed did perform valuable services on behalf of AMT.

11. In exchange for the services rendered by Reed, AMT, by and through Rusty Kordick ("Kordick"), agreed to compensate Reed for the value of those services.

12. AMT agreed to pay to Reed a weekly salary of $1,500.00.

13. AMT, by and through Kordick, also agreed that Reed would receive certain equity ownership of AMT.

14. Kordick and Reed orally agreed that Reed would become a minimum 10% equity owner of AMT.

15. AMT also agreed that Reed would receive a share of revenue of all products, services, and technologies in which Reed had a role in developing on behalf of AMT.

16. Reed provided services to AMT from July 2018 until November 2019.

17. AMT failed to pay Reed the weekly salary for all weeks in which Reed provided services for AMT.

18. AMT failed to deliver the certificates of equity ownership in AMT.

19. Reed also made purchases out-of-pocket for the benefit of AMT.

20. AMT promised to repay Reed for said out-of-pocket expenses.

21. AMT led Reed to believe that it would repay him for his out-of-pocket expenses.

22. AMT has failed to repay Reed for said out-of-pocket expenses.

23. In October 2018, Madreal loaned $50,000.00 to AMT ("Loan").

24. AMT agreed to pay repay Madreal $60,000.00 in consideration for the Loan.

25. The balance due on the Loan is $55,000.00.

26. The Loan was due in February 2019.

27. Madreal has demanded payment on the remaining balance of the Loan, but AMT has failed to make said payment.

28. AMT has defaulted on the Loan.

**COUNT I: VIOLATION OF IOWA WAGE PAYMENT COLLECTION LAW**

29. Plaintiffs restate all prior allegations.

30. Reed was an employee of AMT.

31. AMT failed to pay wages due to Reed for labor and/or services rendered by Reed.

32. AMT's failure to pay said wages was intentional.

33. AMT is liable to Reed for the amount of wages which should have been paid to Reed, plus liquidated damages as provided by Iowa Code Chapter 91A, plus court costs, plus attorney's fees.

WHEREFORE, Plaintiff Josef Reed respectfully requests that judgment be entered against AMT for unpaid wages in an amount to be proven at trial, plus liquidated damages, plus court costs, plus Reed's reasonable attorneys' fees, interest, and for all other just and proper relief.

**COUNT II: BREACH OF ORAL ARGEEMENT (REED)**

34. Plaintiffs restate all prior allegations.

35. AMT agreed to pay Reed a weekly salary of $1,500.00.

36. AMT agreed that Reed would receive certain equity ownership of AMT.

37. AMT promised to reimburse Reed for his out-of-pocket expenses incurred for the benefit of AMT.

38. Reed performed his obligations to AMT by providing the agreed upon labor and services to AMT.

39. AMT has failed to fulfill its obligations to pay Reed, to delivery equity ownership to Reed, and to reimburse Reed for out-of-pocket expenses.

WHEREFORE, Plaintiff Josef Reed respectfully requests that judgment be entered against AMT an amount to be proven at trial, plus court costs, interest, and for all other just and proper relief.

**COUNT III: PROMISSORY ESTOPPEL (REED)**

40. Plaintiffs restate all prior allegations.

41. AMT made a clear and definite promise to Reed that AMT would pay Reed a weekly salary of $1,500.00

42. AMT made a clear and definite promise to Reed that Reed would receive

certain equity ownership of AMT.

43. AMT made a clear and definite promise to Reed that AMT would reimburse Reed for his out-of-pocket expenses incurred for the benefit of AMT.

44. Said clear and definite promises by AMT were made with AMT's clear understanding that Reed was seeking an assurance of consideration as described herein upon which Reed could rely, and without which, Reed would not have performed work on behalf of AMT.

45. Reed reasonably relied on AMT's promises, and Reed acted to his substantial detriment by performing work on behalf of AMT.

46. AMT has not paid the promised compensation to Reed.

47. AMT has not delivered equity ownership of AMT to Reed.

48. AMT has not reimbursed Reed for his out-of-pocket expenses incurred for the benefit of AMT.

49. Injustice can be avoided only by enforcement of AMT's promises.

WHEREFORE, Plaintiff Josef Reed respectfully requests that judgment be entered against AMT an amount to be proven at trial, plus court costs, interest, and for all other just and proper relief.

**COUNT IV: UNJUST ENRICHMENT (REED)**

50. Plaintiffs restate all prior allegations.

51. AMT received a benefit in the form of services provided by Reed and materials and other items purchased by Reed for the use by AMT.

52. AMT was enriched by said benefit.

53. The enrichment was at the expense of Reed, who was neither compensated for the services rendered nor reimbursed for out-of-pocket expenses made for use by AMT.

54. It is unjust to allow AMT to retain the benefit without compensating and reimbursing Reed.

WHEREFORE, Plaintiff Josef Reed respectfully requests that judgment be entered against AMT an amount to be proven at trial, plus court costs, interest, and for all other just and proper relief.

## COUNT V: QUANTUM MERUIT (REED)

55. Plaintiffs restate all prior allegations.

56. Reed agreed to perform services for the benefit of AMT in exchange for payment by AMT.

57. AMT agreed to pay Reed a weekly salary of $1,500.00.

58. AMT agreed that Reed would receive certain equity ownership of AMT.

59. Reed did render services for the benefit of AMT.

60. AMT has not paid Reed for the services rendered.

WHEREFORE, Plaintiff Josef Reed respectfully requests that judgment be entered against AMT an amount to be proven at trial, plus court costs, interest, and for all other just and proper relief.

## COUNT VI: BREACH OF ORAL AGREEMENT (MADREAL)

61. Plaintiffs restate all prior allegations.

62. AMT received a loan from Madreal.

63. In exchange for a loan in the principal amount of $50,000.00, AMT agreed to repay Madreal $60,000.00.

64. The loan is due on demand.

65. AMT has paid only $5,000.00.

66. Madreal has made demand for repayment of the balance of the loan, which is $55,000.00.

67. AMT has failed to repay the balance of the loan.

WHEREFORE, Plaintiff Madreal Solutions, LLC respectfully requests that judgment be entered against AMT in the amount of $55,000.00, plus court costs, statutory interest, and for all other just and proper relief.

**COUNT VII: PROMISSORY ESTOPPEL (MADREAL)**

68. Plaintiffs restate all prior allegations.

69. AMT made a clear and definite promise to Madreal that it would pay Madreal $60,000.00 if Madreal loaned AMT $50,000.00.

70. Said clear and definite promise by AMT were made with AMT's clear understanding that Madreal was seeking an assurance of repayment of the loan, plus the $10,000.00 interest charge, as described herein upon which Madreal could rely, and without which, Madreal would not have loaned money to AMT.

71. Madreal reasonably relied on AMT's promise, and Madreal acted to itssubstantial detriment by loaning $50,000.00 to AMT.

72. AMT has only paid Madreal $5,000.00, and a balancing of $55,000.00 remains.

73. Injustice can be avoided only by enforcement of AMT's promise to pay the remaining balance of $55,000.00.

WHEREFORE, Plaintiff Madreal Solutions, LLC respectfully requests that judgment be entered against AMT in the amount of $55,000.00, plus court costs, interest, and for all other just and proper relief.

**COUNT VIII: UNJUST ENRICHMENT (MADREAL)**

74. Plaintiffs restate all prior allegations.

75. AMT received a benefit in the form of a loan from Madreal in the amount of $50,000.

76. AMT was enriched by said benefit.

77. The enrichment was at the expense of Madreal, which has not been repaid by AMT.

78. It is unjust to allow AMT to retain the benefit without repaying Madreal for the loan.

WHEREFORE, Plaintiff Madreal Solutions, LLC respectfully requests that judgment be entered against AMT in the amount of $55,000.00, plus court costs, interest, and for all other just and proper relief.

**COUNT IX: SECURITIES FRAUD – 15 U.S.C. § 78j (BOTH PLAINTIFFS)**

79. Plaintiffs restate all prior allegations.

80. AMT made a material misstatement or omission to Plaintiffs in that AMT promised to issue stock to Plaintiffs as compensation for services rendered by Plaintiffs for the benefit of AMT.

81. The material misstatement or omission by AMT as described above was made with an intent to deceive, manipulate, or defraud Plaintiffs.

82. Specifically, AMT promised to issue stock to Plaintiffs as compensation for services rendered by Plaintiffs to deceive, manipulate, or defraud Plaintiffs into acting to provide services for AMT, when in reality, AMT never intended to issue stock to Plaintiffs.

83. AMT has confirmed that it never intended to issue stock to Plaintiffs through statements made by counsel for AMT.

84. AMT's intent to never issue the stock to Plaintiffs is also proven by the fact that despite Plaintiffs' repeated inquires about the issuance of stock, AMT continued to promise delivery of stock to Plaintiffs for Plaintiffs' continued services, but AMT continually failed to deliver said stock.

85. A promise to issue stock in exchange for services rendered is considered a purchase or sale of a security.

86. The misrepresentation or omission by AMT is connected to Plaintiffs' rendering of services based on the promise to receive stock of AMT because Plaintiffs would not have rendered the services it did to AMT without AMT's promise to compensate Plaintiffs through the issuance of stock.

87. Plaintiffs did render services to AMT.

88. Plaintiffs relied on the misrepresentation by AMT because Plaintiffs would not have rendered services it did to AMT without AMT's promise to compensate Plaintiffs through the issuance of stock.

89. Plaintiffs have suffered economic loss due to AMT's misrepresentation or omission in the following ways:

a. First, Plaintiffs were under compensated for the services rendered to AMT because Plaintiffs never received the promised stock.

b. Second, Plaintiffs relied on the promises of AMT to issue stock by continuing to render services to AMT without renumeration. Plaintiff Reed chose to forgo other employment opportunities which would have compensated him based on AMT's continuing promises. Because Reed was not compensated by AMT, Reed became financially unstable and was forced to sell his residence in Iowa and move to Louisiana.

90. Plaintiffs' economic losses are causally connected to AMT's misrepresentation or omission because had AMT not made said misrepresentation or omission, Plaintiffs would have accepted other employment opportunities which would have compensated them for their services, and because if AMT had issued the stock to Plaintiffs, Plaintiffs would have the economic benefit of owning said stock.

WHEREFORE, Plaintiffs Josef Reed and Madreal Solutions, LLC respectfully request that judgment be entered against AMT in the amount of to be proven at trial, plus court costs, interest, and for all other just and proper relief.

**COUNT X: SECURITIES FRAUD – IOWA CODE § 502.509**
**(BOTH PLAINTIFFS)**

91. Plaintiffs restate all prior allegations.

92. AMT made a material misstatement or omission to Plaintiffs in that AMT

promised to issue stock to Plaintiffs as compensation for services rendered by Plaintiffs for the benefit of AMT.

93. The material misstatement or omission by AMT as described above was made with an intent to deceive, manipulate, or defraud Plaintiffs.

94. Specifically, AMT promised to issue stock to Plaintiffs as compensation for services rendered by Plaintiffs to deceive, manipulate, or defraud Plaintiffs into acting to provide services for AMT, when in reality, AMT never intended to issue stock to Plaintiffs.

95. AMT has confirmed that it never intended to issue stock to Plaintiffs through statements made by counsel for AMT.

96. AMT's intent to never issue the stock to Plaintiffs is also proven by the fact that despite Plaintiffs' repeated inquires about the issuance of stock, AMT continued to promise delivery of stock to Plaintiffs for Plaintiffs' continued services, but AMT continually failed to deliver said stock.

97. A promise to issue stock in exchange for services rendered is considered a purchase or sale of a security.

98. The misrepresentation or omission by AMT is connected to Plaintiffs' rendering of services based on the promise to receive stock of AMT because Plaintiffs would not have rendered the services it did to AMT without AMT's promise to compensate Plaintiffs through the issuance of stock.

99. Plaintiffs did render services to AMT.

100. Plaintiffs relied on the misrepresentation by AMT because Plaintiffs

would not have rendered services it did to AMT without AMT's promise to compensate Plaintiffs through the issuance of stock.

101. Plaintiffs have suffered economic loss due to AMT's misrepresentation or omission in the following ways:

 a. First, Plaintiffs were under compensated for the services rendered to AMT because Plaintiffs never received the promised stock.

 b. Second, Plaintiffs relied on the promises of AMT to issue stock by continuing to render services to AMT without renumeration. Plaintiff Reed chose to forgo other employment opportunities which would have compensated him based on AMT's continuing promises. Because Reed was not compensated by AMT, Reed became financially unstable and was forced to sell his residence in Iowa and move to Louisiana.

102. Plaintiffs' economic losses are causally connected to AMT's misrepresentation or omission because had AMT not made said misrepresentation or omission, Plaintiffs would have accepted other employment opportunities which would have compensated them for their services, and because if AMT had issued the stock to Plaintiffs, Plaintiffs would have the economic benefit of owning said stock.

103. Pursuant to Iowa Code § 502.509, AMT is liable for damages plus attorneys' fees incurred by Plaintiffs.

WHEREFORE, Plaintiffs Josef Reed and Madreal Solutions, LLC respectfully request that judgment be entered against AMT in the amount of to be proven at trial,

plus court costs, and reasonable attorneys' fees, interest, and for all other just and proper relief.

By:______________________________

William M. Reasoner, AT0013464
John E. Lande, AT0010976
Emily A. McGovern, AT0013804
OF
DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
699 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3986
Telephone: (515) 244-2600
FAX: (515) 246-4550
wreasoner@dickinsonlaw.com
jlande@dickinsonlaw.com
emcgovern@dickinsonlaw.com

Attorneys for Plaintiffs, Josef Reed and
Madreal Solutions, LLC

E-FILED 2020 APR 17 9:21 AM WARREN - CLERK OF DISTRICT COURT

# AFFIDAVIT OF SERVICE

STATE OF IOWA )
)
COUNTY OF POLK )

Case No: LACV038422
Date Received: 4 /13 /20

I, being first duly sworn, depose and say that I received and served:

- X Original Notice
- X Petition
- ______ Jury Demand
- ______ Subpoena
- ______ Petition for Dissolution of Marriage
- ______ Order for Pretrial Conference and Discovery
- ______ Family Law Case Requirements Order
- ______ Notice of Termination of Tenancy
- ______ Confidential Information Form
- ______ Verification of Account
- ______ Order Re: Mediation of Temporary Matters and Setting Hearing
- ______ Notice of Forfeiture of Real Estate Contract
- ______ Order
- ______ Application for Rule to Show Cause
- ______ Rule to Show Cause
- ______ Application for Hearing of Temporary Issues
- ______ Summons
- ______ Complaint
- ______ Notice to Quit – Notice of Nonpayment of Rent and Notice of Termination of Rental Agreement
- ______ Appearance and Answer
- ______ Notice Non-judicial Foreclosure
- ______ Notice to Quit
- ______ Exhibit ______
- ______ Other ______
- ______ Attachments

Person Served: Ag Manufacturing + Technology LLC

Date Served: 4-16-20 / 1:00 A.M./P.M. (P.M. circled)

3700 N. Jefferson Way Indianola IA
(Address)

Manner of Service
- ______ Personally
- ______ Dwelling House, to person residing therein who was over the age of 18.
- ______ Apartment Building
- ______ Spouse, who lives at the dwelling house.
- X Corporation/State Official

Ck Russell Kordick
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

[signature]
Subscribed and sworn to me by Belinda Goodwin this 17 day of April, 2020.

Service Fee: 100

[signature]
Notary Public for the State of Iowa

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2023

E-FILED 2020 APR 17 9:21 AM WARREN - CLERK OF DISTRICT COURT

# AFFIDAVIT OF SERVICE

STATE OF IOWA )
)
COUNTY OF POLK )

Case No: LACV038422
Date Received: 4/13/20

I, being first duly sworn, depose and say that I received and served:

X Original Notice
X Petition
___ Jury Demand
___ Subpoena
___ Petition for Dissolution of Marriage
___ Order for Pretrial Conference and Discovery
___ Family Law Case Requirements Order
___ Notice of Termination of Tenancy
___ Confidential Information Form
___ Verification of Account
___ Order Re: Mediation of Temporary Matters and Setting Hearing
___ Notice of Forfeiture of Real Estate Contract
___ Order
___ Application for Rule to Show Cause
___ Rule to Show Cause
___ Application for Hearing of Temporary Issues
___ Summons
___ Complaint
___ Notice to Quit – Notice of Nonpayment of Rent and Notice of Termination of Rental Agreement
___ Appearance and Answer
___ Notice Non-judicial Foreclosure
___ Notice to Quit
___ Exhibit ___
___ Other ___
___ Attachments

Person Served: Ag Manufacturing + Technology, Inc

Date Served: 4-16-20 1:00 A.M./P.M. (P.M. circled)

3700 N. Jefferson Way Indianola, IA
(Address)

Manner of Service
X Personally
___ Dwelling House, to person residing therein who was over the age of 18.
___ Apartment Building
___ Spouse, who lives at the dwelling house.
X Corporation/State Official

C/O Russell Kordick
NAME AND TITLE OR RELATIONSHIP OF INDIVIDUAL SERVED

[signature]
Subscribed and sworn to me by Belinda Goodwin this 17 day of April, 2020.

Service Fee: 100

[signature]
Notary Public for the State of Iowa

WENDY YOUNG
Commission Number 715120
My Commission Expires
February 18, 2023